IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA
www.lamb.uscourts.gov

| | |
|---|---|
| In re:<br><br>LUXE SPACES, LLC,<br><br>*Debtor.* | Case No. 23-10042<br><br>Chapter 11 (Subchapter V) |
| LUXE SPACES, LLC,<br><br>*Plaintiff*,<br><br>vs.<br><br>KINETIC DIRECT FUNDING LLC & LIBERTAS FUNDING, LLC,<br><br>*Defendants.* | Adv. Proc. No. 23-__________ |

**COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550**

**NOW INTO COURT**, through undersigned counsel, comes Luxe Spaces, LLC (the "Debtor"), who files this Complaint against Kinetic Direct Funding LLC ("Kinetic") and Libertas Finding, LLC ("Libertas" and together with Kinetic, collectively, "Defendants") seeking to, among other things, avoid and recover certain pre-petition transfers pursuant to 11 U.S.C. §§ 547 and 550. In support, the Debtor represents:

**NATURE OF THE ADVERSARY PROCEEDING**

1. The Debtor seeks to avoid and recover from Defendants all preferential transfers of property – as defined below, the "Transfers" – that occurred during the

ninety (90) day period before the Petition Date (defined below) pursuant to 11 U.S.C. §§ 547 and 550.

2. The Debtor further seeks pre- and post-judgment interest in accordance with applicable law. 28 U.S.C. § 1961. *See Peltx v. Worldnet Corp. (In re USN Communs., Inc.)*, 280 B.R. 572, 602 (Bankr. D. Del. 2002) (recognizing that "most of the courts find that awarding prejudgment interest in an avoidance action further the congressional policies of the Bankruptcy Code by compensating the estate for the time it was without use of the transferred funding"); *cf. McFarland v. Leyh (In re Tex. Gen. Petroleum Corp.)*, 52 F.3d 1330, 1339 (5th Cir. 1995).

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this Complaint and the relief requested herein pursuant to 28 U.S.C. § 1334.

4. The statutory predicate for the relief requested herein are 11 U.S.C. §§ 547 and 550, 28 U.S.C. § 1961, FED. R. BANKR. P. 7001 and applicable law.

5. This is a "core" proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (F) and (O).

6. Pursuant to FED. R. BANKR. P. 7008, the Debtor consents to the entry of final orders or judgments by the Court in connection with this Complaint, if it is determined that the Court, absent the consent of the parties, cannot enter final orders of judgments consistent with Article III of the United States Constitution.

7. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## THE PARTIES

8. The Debtor is a Louisiana limited liability company.

9. On January 18, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under subchapter V of chapter 11 of the Bankruptcy Code, commencing case no. 23-10042 in this Court.

10. Kinetic and Libertas are the defendants herein.

11. Kinetic is a New York limited liability company, and its principal place of business is in Connecticut.

12. Libertas is a Connecticut limited liability company, and its principal place of business is in Connecticut.

## STATEMENT OF RELEVANT FACTS

13. The Debtor is a Baton Rouge, LA-based corporate housing company.

14. The Debtor leases apartments, houses, condos, townhomes, etc. and then sublets them to, among others, film and televisions production companies, governmental agencies such as the Federal Emergency Management Agency ("FEMA"), and businesses looking to temporarily house their executives.

15. The Debtor's business began to experience difficulties after Hurricane Ian. FEMA encouraged the Debtor to expand its operations into Florida because FEMA's officials needed extended-term housing to deal with the aftermath of Hurricane Ian.

16. To fund its expansion, the Debtor borrowed sums from several so-called merchant cash advance lenders ("MCAs") such as Kinetic to fund its expansion.

17. Although the Debtor was able to expand into Florida, the interest charged by and the demands of the MCAs became untenable.

18. During the ninety (90) days before and including the Petition Date, Thursday, October 20, 2022 through Wednesday, January 18, 2023 (the "Preference Period"), the Debtor continued to operate its business, including the transfer of money, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits, or otherwise, to various entities.

19. Upon information and belief, during their relationship, Kinetic and the Debtor entered into a lending agreement, which is evidenced by one or more contracts, invoices, communications, and other documents (collectively, the "Agreements").

20. The payments to Kinetic in respect of the Agreements during the Preference Period are set forth below:

| Payment Date | Amount |
|---|---|
| 10/20/22 | $4,892.90 |
| 10/21/22 | $3,425.00 |
| 10/27/22 | $4,892.90 |
| 10/28/22 | $3,425.00 |
| 11/3/22 | $4,892.90 |
| 11/4/22 | $3,425.00 |
| 11/10/22 | $4,892.90 |
| 11/14/22 | $3,425.00 |
| 11/17/22 | $4,892.90 |

| | |
|---|---|
| 11/18/22 | $3,425.00 |
| 11/25/22 | $3,425.00 |
| 11/25/22 | $4,892.90 |
| 12/1/22 | $4,892.90 |
| 12/2/22 | $3,425.00 |
| 12/8/22 | $4,892.90 |
| 12/9/22 | $3,425.00 |
| 12/15/22 | $4,892.90 |
| 12/16/22 | $3,425.00 |
| **Total Amount of Transfers:** | **$74,861.10** |

21. The Debtor made transfers of an interest of the Debtor's property to or for the benefit of Kinetic during the Preference Period through payments aggregating not less than $74,861.50 (the "Transfer" or "Transfers").

22. To further investigate the Transfers, the Debtor reviewed and analyzed its financial records, including its bank records to confirm the Transfers.

23. As a result of such review, the Debtor is seeking to avoid all of the Transfers made by the Debtor to Kinetic within the Preference Period.

24. On May 10, 2023, the Debtor, through counsel, sent a demand letter (the "First Demand Letter") to Kinetic, seeking a return of the Transfer(s).

25. The First Demand Letter indicated the potential statutory defenses available to Kinetic pursuant to 11 U.S.C. § 547(c) and requested that, if Kinetic had

evidence to support any affirmative defenses, it provide such evidence so the Debtor could review the same.

26. Through the First Demand Letter, the Debtor also offered to settle any causes of action relating to the Transfer(s).

27. The Debtor, through counsel, sent a second demand letter (the "Second Demand Letter") to Kinetic, seeking a return of the Transfer(s).

28. Like the First Demand Letter, the Second Demand Letter indicated the potential statutory defenses available to Kinetic pursuant to 11 U.S.C. § 547(c) and requested that, if Kinetic had evidence to support any affirmative defenses, that it provide such evidence so the Debtor could review the same.

29. Through the Second Demand Letter, the Debtor once again offered to settle any causes of action relating the Transfer(s).

30. Kinetic never provided the Debtor with any evidence to support any affirmative defenses.

31. The Debtor also performed its own due diligence evaluation of the reasonably knowable affirmative defenses available to Kinetic.

32. Based upon the Debtor's review of the information, if any, provided by Kinetic prior to filing this Complaint, and after performing its own due diligence evaluation of the reasonably knowable affirmative defense to avoidance of the Transfer(s), the Debtor has determined that it may avoid all of the Transfers even after taking into account Kinetic's alleged affirmative defenses.

33. The Debtor scheduled Kinetic as the holder of a disputed general unsecured claim in an "unknown" amount.

34. Kinetic has not filed a proof of claim in the Debtor's subchapter V case.

35. Defendants constitute a single business enterprise.

36. According to the Foreign Registration Statement filed on behalf of Kinetic, its sole member is Libertas.

37. A true, correct and complete copy of the Foreign Registration Statement is attached hereto as Exhibit "A" and is incorporated herein as if copied *in extenso*.

38. In Section 10 of the Foreign Registration Statement, Kinetic's entity email address is randy.saluck@libertasfunding.com.

39. In Section 11 of the Foreign Registration Statement, Randy Saluck is named as the CEO of Kinetic's sole member – Libertas.

40. Mr. Saluck signed the Foreign Registration Statement on November 15, 2023 on behalf of Kinetic.

41. Mr. Saluck's signature appears on the lower righthand corner of the second page of the Foreign Registration Statement.

42. On April 1, 2023, Libertas caused an annual report (the "Annual Report") to be filed with the Secretary of the State of Connecticut.

43. A true, correct, and complete copy of the Annual Report is attached hereto as Exhibit "B" and is incorporated herein by reference as if copied here *in extenso*.

44. According to the Annual Report, Kinetic's business email address is craig.paul@libertasfuinding.com.

45. In the Annual Report, Kinetic's principal and mailing addresses are listed as 411 W Putman Ave, 220 Greenwich, CT 06830-6261.

46. Libertas is listed as Kinetic's member in the Annual Report.

47. Libertas' business address is listed as 411 W Putman Ave, 220 Greenwich, CT 06830-6261.

48. According to Libertas' website, Craig Paul is Libertas' chief financial officer. *See* https://libertasfunding.com/about/leadership/craig-paul/ (last visited July 5, 2023).

49. In the Loan Agreement between the Debtor and Kinetic, Mr. Saluck is described as Kinetic's CEO.

50. According to Mr. Saluck's LinkedIn page, he is the CEO of Libertas. *See* https://www.linkedin.com/in/randy-saluck-840771152/ (last visited July 5, 2023).

51. According to Libertas' website, Mr. Saluck is Libertas' Chief Executive Officer and General Counsel. *See* https://libertasfunding.com/about/leadership/randy-saluck/ (last visited July 5, 2023).

52. On the "Contact" page from Libertas' website, the address for its headquarters is 411 W. Putman Avenue, Suite 220, Greenwich, CT 06830 and its email address is customer.service@libertasfunding.com. *See* https://libertasfunding.com/contact/ (last visited July 5, 2023).

53. In the Agreements, the contact email for Kinetic is customer.service@libertasfinding.com.

54. In *In re Triniti DME Solutions, LLC*, 22-40975 (Bankr. E.D. Tex.), Kinetic filed a proof of claim (Claim 5-1) on September 12, 2022 (the "Triniti PoC").

55. In Part 1, Box 1 of the Triniti PoC, Kinetic states that it also goes by the name "Libertas Funding LLC."

56. In Part 1, Box 3 of the Triniti PoC, Kinetic stated that its address for notice is 411 W. Putnam Ave, Suite 220, Greenwich, CT, 06830-0683.

57. In Part 1, Box 3 of the Triniti PoC, Kinetic stated that its contact email is jessica.patrovic@libertasfunding.com.

58. In Part 3 of the Triniti PoC, Kinetic once again stated that its address was 411 W. Putman Ave., Suite 220, Greenwich, CT 06830 and its email address was jessica.patrovic@libertasfunding.com.

59. According to Libertas' website, Jessica Patrovic is Libertas' chief of staff and head of customer experience. *See* https://libertasfunding.com/about/leadership/jessica-patrovic/ (last visited July 6, 2023).

## CLAIMS FOR RELIEF

### First Claim for Relief
### (Avoidance of Preferential Transfers under 11 U.S.C. § 547)

60. The Debtor incorporates all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with the allegations contained in this First Claim for Relief.

61. During the Preference Period, the Debtor made each Transfer to or for the benefit of Kinetic in an aggregate amount not less than $74,861.50.

62. Each Transfer was made from the Debtor and constituted transfers of an interest in property of the Debtors.

63. Kinetic was a creditor of the Debtor at the time of each Transfer by virtue of a loan to the Debtor for which the Debtor was obligated to pay in accordance with the Agreements.

64. Each Transfer was to or for the benefit of a creditor within the meaning of § 547(b)(1) of the Bankruptcy Code because each Transfer either reduced or fully satisfied a debt or debts then owed by the Debtor to Kinetic.

65. Each Transfer was made for, or on account of, an antecedent debt or debts owed by the Debtor to Kinetic before such Transfers were made, as asserted by Kinetic and memorialized in the Agreements, each of which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of Kinetic prior to being paid by the Debtor.

66. Each Transfer was made while the Debtor was insolvent.

67. The Debtor is entitled to the presumption of insolvency for each Transfer made during the Preference Period pursuant to § 547(f) of the Bankruptcy Code.

68. Each Transfer was made during the Preference Period.

69. As a result of each Transfer, Kinetic received more than it would have received if: (a) the Debtor's chapter 11 case was a case under chapter 7 of the

Bankruptcy Code; (b) the Transfers had not been made; and (c) Kinetic received distributions on account of its debts under the provisions of the Bankruptcy Code.

70. As evidenced by the Debtor's schedules filed in the underlying bankruptcy case as well as the proofs of claim that have been received to date, the Debtor's liabilities exceed its assets such that the Debtor's unsecured creditors will not receive payment of their claims in full from the Debtor's bankruptcy estate.

71. Each Transfer is avoidable pursuant to § 547(b) of the Bankruptcy Code.

**Second Claim for Relief**
**(Revocatory Action Pursuant to LA. CIV. CODE ANN. art. 2036)**

72. The Debtor incorporates all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with the allegations contained in this First Claim for Relief.

73. During the three-month period immediately prior to the Petition Date, the Debtor made each Transfer to or for the benefit of Kinetic in an aggregate amount not less than $74,861.50.

74. Each Transfer caused or increased the insolvency of the Debtor, and the Debtor received no value in exchange for each Transfer.

75. Each Transfer is voidable pursuant to LA. CIV. CODE ANN. art. 2036.

**Third Claim for Relief**
**(Recovery of Avoided Transfers)**

76. The Debtor incorporates all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with the allegations contained in this Third Claim for Relief.

77. The Debtor is entitled to avoid the Transfers pursuant to § 547(b) of the Bankruptcy Code and LA. CIV. CODE ANN. art. 2036 (the "Avoidable Transfers").

78. Kinetic was the initial transferee of the Avoidable Transfers.

79. Accordingly, pursuant to § 550(a) of the Bankruptcy Code, the Debtor is entitled to recover from Kinetic the Avoidable Transfers, plus interest thereon to the date of payment and the costs of this action.

**Fourth Claim for Relief**
**(Veil Piercing)**

80. The Debtor incorporates all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with the allegations contained in this Fourth Claim for Relief.

81. Kinetic is a subsidiary of Libertas.

82. Kinetic and Libertas share common ownership, common directors and officers, common offices, and unified administrative control.

83. Kinetic and Libertas are affiliates of each other.

84. Kinetic and Libertas have excessively fragmented operations into separate limited liability companies.

85. As evidenced by the Connecticut Secretary of State's documentation, Kinetic and Libertas operate from the same principal place of business.

86. Accordingly, the Debtor is entitled to a judgment: (a) declaring that the separate identifies of Kinetic and Libertas should be disregarded because they are a single business enterprise; and (b) voiding all transfers made from Debtor to Kinetic

requiring Kinetic to return the money to the Debtor, plus interest thereon and the costs of this action.

## RESERVATION OF RIGHTS

87. The Debtor reserves the right to supplement and amend this Complaint as additional claims and causes of action may be learned of through discovery, including, but not limited to, additional avoidance actions under applicable law as well as violations of usury laws.

88. The Debtor reserves the right to add additional parties, including, but not limited, any affiliates of Defendants, as claims and causes of action may be learned of through discovery.

## PRAYER FOR RELIEF

**WHEREFORE**, the Debtor respectfully requests that the Court grant it the following relief against Kinetic and Libertas:

A. On the Debtor First, Second and Third Claims for Relief, judgment in favor of the Debtor and against Kinetic avoiding all of the Avoidable Transfers and directing Kinetic to return to the Debtor the amount of the Avoidable Transfers, pursuant to §§ 547(b) and 550(a) of the Bankruptcy Code, plus pre- and post-judgment interest;

B. On the Fourth Claim for Relief, judgment in favor of the Debtor and against Kinetic and Libertas piercing the corporate veil requiring Libertas to return the Avoidable Transfers, plus pre- and post-judgment interest, to the Debtor.

C. Such other and further relief as this Court may deem just and proper.

Baton Rouge, Louisiana, USA
Dated: Thursday, July 6, 2023

Respectfully submitted,

**STERNBERG, NACCARI & WHITE, LLC**

By: **/s/ Ryan J. Richmond**
Ryan J. Richmond (La. Bar No. 30688)
Ashley M. Caruso (La. Bar No. 37062)
450 Laurel Street, Suite 1450
Baton Rouge, LA 70801
Tel. (225) 412-3667
Fax (225) 286-3046
ryan@snw.law
ashley@snw.law

*Attorneys for Luxe Spaces, LLC*

**Please issue summons to**:

Kinetic Direct Funding, LLC
411 W. Putman Avenue
Suite 220
Greenwich, CT 06830-6261

Kinetic Direct Funding, LLC
c/o Randy Saluck, Esq., CEO
411 W. Putman Avenue
Suite 220
Greenwich, CT 06830-6261

Kinetic Direct Funding, LLC
c/o Morrison Cohen
909 Third Avenue
New York, NY 10022

Kinetic Direct Funding, LLC
c/o Secretary of the State of Conn.
30 Trinity Street
Hartford, CT 06106

Kinetic Direct Funding, LLC
c/o Secretary of the State of Conn.
165 Capitol Avenue
P.O. Box 150470
Hartford, CT 06115-0470

Libertas Funding, LLC
411 W. Putman Avenue
Suite 220
Greenwich, CT 06830-6261

Libertas Funding, LLC
c/o Gary Katcher, Executive Chairman
382 Greenwich Avenue, Suite 2
Second Floor
Greenwich, CT 06880

Libertas Funding, LLC
c/o Gary Katcher, Executive Chairman
3 Cowdray Park Drive
Greenwich, CT 06830

Libertas Funding, LLC
c/o Randy Saluck, Esq., CEO
411 W. Putman Avenue
Suite 220
Greenwich, CT 06830-6261

Libertas Funding, LLC
c/o Jessica Patrovic
411 W. Putman Avenue
Suite 220
Greenwich, CT 06830-6261

**B1040 (FORM 1040) (12/15)**

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Luxe Spaces, LLC | **DEFENDANTS**<br>Kinetic Direct Funding, LLC<br>Libertas Funding LLC |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Ryan J. Richmond, Sternberg, Naccari & White, LLC<br>450 Laure St., Ste. 1450, Baton Rouge, LA 70801<br>(225) 412-3667, ryan@snw.law | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Action to avoid and recovery preferential payments.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☒ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| | |
|---|---|
| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $ 74,861.10 |

Other Relief Sought

Veil piercing.

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Luxe Spaces, LLC | BANKRUPTCY CASE NO.<br>23-10042 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Middle District of Louisiana | DIVISION OFFICE | NAME OF JUDGE<br>Hon. Michael A. Crawford |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>Ryan J. Richmond | | |
| DATE<br>6 July 2023 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Ryan J. Richmond (La. Bar No. 30688) | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# EXHIBIT A

## Foreign Registration Statement

# SECRETARY OF THE STATE OF CONNECTICUT

MAILING ADDRESS: COMMERCIAL RECORDING DIVISION, CONNECTICUT SECRETARY OF THE STATE, P.O. BOX 150470, HARTFORD, CT 06115-0470
DELIVERY ADDRESS: COMMERCIAL RECORDING DIVISION, CONNECTICUT SECRETARY OF THE STATE, 30 TRINITY STREET, HARTFORD, CT 06106
PHONE: 860-509-6003 WEBSITE: www.concord-sots.ct.gov

## FOREIGN REGISTRATION STATEMENT
LIMITED LIABILITY COMPANY - FOREIGN

C.G.S. §34-275b

FILING #0006276159 PG 01 OF 02 VOL B-02583
FILED 11/09/2018 04:00 PM PAGE 02265
SECRETARY OF THE STATE
CONNECTICUT SECRETARY OF THE STATE

*USE INK. COMPLETE ALL SECTIONS. PRINT OR TYPE. ATTACH*

**FILING PARTY** *(CONFIRMATION WILL BE SENT TO THIS A*

NAME: Christine Berti

MAILING ADDRESS: c/o Pryor Cashman LLP
7 Times Square, 39th Floor

CITY: New York

STATE: NY ZIP: 10036

*OF THE STATE"*

**1. NAME OF LIMITED LIABILITY COMPANY IN STATE OR COUNTRY OF FORMATION - REQUIRED:**
*(MUST INCLUDE BUSINESS DESIGNATION SUCH AS LLC, L.L.C., ETC.)*

KINETIC DIRECT FUNDING LLC

**2. IF NAME AT "1" IS NOT AVAILABLE, ALTERNATE NAME TO BE USED IN CONNECTICUT:**
*(MUST INCLUDE BUSINESS DESIGNATION SUCH AS LLC, L.L.C., ETC.)*

**3. STATE/COUNTRY OF FORMATION - REQUIRED:**

NEW YORK

**4. DATE OF FORMATION: REQUIRED:**

**(MM/DD/YYYY)** 11/30/2017

**5. DATE LIMITED LIABILITY COMPANY BEGAN / WILL BEGIN TRANSACTING BUSINESS IN CONNECTICUT - REQUIRED:**

**DATE (MM/DD/YYYY)** 11/05/2018

**6. PRINCIPAL OFFICE ADDRESS AND MAILING ADDRESSES: REQUIRED:**

**PRINCIPAL OFFICE ADDRESS:**

STREET: 382 Greenwich Avenue, Suite 2
CITY: Greenwich
STATE: CT
ZIP: 06830

**PRINCIPAL OFFICE MAILING ADDRESS:**
*(P.O. BOX IS ACCEPTABLE)*

STREET OR P.O.BOX: 382 Greenwich Avenue, Suite 2
CITY: Greenwich
STATE: CT
ZIP: 06830

**7. IF REQUIRED IN STATE/COUNTRY OF FORMATION:**

**OFFICE ADDRESS IN STATE OF FORMATION:**

STREET:
CITY:
STATE:
ZIP:

**MAILING ADDRESS IN STATE OF FORMATION:**
*(P.O. BOX IS ACCEPTABLE)*

STREET OR P.O.BOX:
CITY:
STATE:
ZIP:



Rev. 7/2017

**8. APPOINTMENT OF REGISTERED AGENT FOR SERVICE OF PROCESS - REQUIRED: THE LLC MAY NOT BE APPOINTED AS ITS OWN AGENT: HOWEVER A MANAGER/MEMBER OF THE LLC RESIDING IN CONNECTICUT MAY BE THE AGENT.** *(CHECK A OR COMPLETE B)*

**A.** ☑ THE LIMITED LIABILITY COMPANY APPOINTS THE SECRETARY OF THE STATE OF CONNECTICUT AND HIS/HER SUCCESSORS IN OFFICE TO BE ITS AGENT, UPON WHOM ANY PROCESS, IN ANY ACTION OR PROCESSING AGAINST IT, MAY BE SERVED.

**B. NAME OF AGENT (SEE INSTRUCTIONS)** ______________________

**SIGNATURE ACCEPTING APPOINTMENT:**

X ______________________

*(IF AGENT IS A BUSINESS ALSO PRINT NAME AND TITLE OF PERSON SIGNING.)*

| **BUSINESS ADDRESS** *(P.O.BOX UNACCEPTABLE)* | **CONNECTICUT RESIDENCE ADDRESS** *(P.O.BOX UNACCEPTABLE)* |
|---|---|
| STREET:<br>CITY:<br>STATE: ZIP: | STREET:<br>CITY:<br>STATE: ZIP: |

**CONNECTICUT MAILING ADDRESS: (REQUIRED):** *(P.O.BOX ACCEPTABLE)*

STREET OR P.O.BOX:

CITY:

STATE: ZIP:

**9. MANAGER OR MEMBER INFORMATION-REQUIRED:** *(MUST LIST AT LEAST ONE MANAGER OR MEMBER OF THE LLC.)*

| NAME | TITLE | BUSINESS ADDRESS (No. P.O.Box) *IF NONE, MUST STATE "NONE"* | RESIDENCE ADDRESS: (No. P.O.Box) |
|---|---|---|---|
| Libertas Funding, LLC | Member | 382 Greenwich Avenue, Suite 2<br>Greenwich, CT 06830 | 382 Greenwich Avenue, Suite 2<br>Greenwich, CT 06830 |

**10. ENTITY EMAIL ADDRESS - REQUIRED:** ***(IF NONE, MUST STATE "NONE.")*** *DO NOT LEAVE BLANK*

randy.saluck@libertasfunding.com

**11. EXECUTION - REQUIRED: (SUBJECT TO PENALTY OF FALSE STATEMENT)**

*THE UNDERSIGNED ASSERTS THAT THE SUBJECT LIMITED LIABILITY COMPANY IS A FOREIGN LIMITED LIABILITY COMPANY*

**DATE (MM/DD/YYYY)** 11/05/2018

| NAME OF SIGNATORY | CAPACITY/TITLE OF SIGNATORY | SIGNATURE |
|---|---|---|
| Randy Saluck | CEO of the Sole Member | [signature] |

***AN ANNUAL REPORT WILL BE DUE YEARLY TO BE FILED BETWEEN JANUARY 1ST & APRIL 1ST AND CAN BE EASILY FILED ONLINE @ www.concord-sots.ct.gov***

*CONTACT YOUR TAX ADVISOR OR THE TAXPAYER SERVICE CENTER AT THE DEPARTMENT OF REVENUE SERVICES AS TO ANY POTENTIAL TAX LIABILITY RELATING TO YOUR BUSINESS, INCLUDING QUESTIONS ABOUT THE BUSINESS ENTITY TAX. TAX PAYER SERVICE CENTER: (800) 382-9463 OR (860) 297-5962 OR GO TO www.ct.gov/drs*

FILING #0006276159 PG 02 OF 02 VOL B-02583
FILED 11/09/2018 04:00 PM PAGE 02266
SECRETARY OF THE STATE
CONNECTICUT SECRETARY OF THE STATE

# EXHIBIT B

## Annual Report

# Secretary of the State of Connecticut
# Annual Report

## FILING DETAILS

| | | | |
|---|---|---|---|
| Filing Number: | 0011247514 | Report Year Due Date: | 03/31/2023 |
| Filing Fee: | $80.00 | Filed On: | 4/1/2023 12:01:31 PM |

## PRIMARY DETAILS

| | |
|---|---|
| Business Type: | Foreign |
| Legal Structure: | LLC |
| Business Name: | KINETIC DIRECT FUNDING LLC |
| Business ALEI: | US-CT.BER:1290345 |

| | ***Existing Information*** | ***Updated Information*** |
|---|---|---|
| Business Email Address: | craig.paul@libertasfunding.com | No update |
| NAICS Information: | Other Financial Vehicles (525990) | No update |

## BUSINESS LOCATION

| | ***Existing Information*** | ***Updated Information*** |
|---|---|---|
| Principal Office Address: | 411 W Putnam Ave, 220<br>Greenwich, CT<br>06830-6261<br>United States | No update |
| Mailing Address: | 411 W Putnam Ave, 220<br>Greenwich, CT<br>06830-6261<br>United States | No update |
| Office in Jurisdiction: | 909 THIRD AVE C/O MORRISON COHEN<br>NEW YORK, NY<br>10022<br>United States | No update |
| Mailing Address (in State of Formation): | 909 THIRD AVE C/O MORRISON COHEN<br>NEW YORK, NY<br>10022 | No update |

# Secretary of the State of Connecticut
# Annual Report

| |
|---|
| United States |

# Secretary of the State of Connecticut
# Annual Report

## AGENT INFORMATION

| | |
|---|---|
| Type: | Secretary of the State |
| Agent's Name: | Secretary of State |

| | *Existing Addresses* | *Updated Addresses* |
|---|---|---|
| Business Address: | 165 Capitol Ave., P.O. BOX 150470<br>Hartford, CT<br>06115-0470<br>United States | No update |
| Residence Address: | None | No update |
| Mailing Address: | 30 TRINITY STREET<br>HARTFORD, CT<br>06106<br>United States | No update |

## CURRENT PRINCIPAL INFORMATION

This section contains principals already on record who remained the same as part of this report; updates to address or title information is displayed as applicable.

| **Principal Name:** | LIBERTAS FUNDING, LLC | |
|---|---|---|
| | ***Existing Information*** | ***Updated Information*** |
| Title: | MEMBER | No Update |
| Business Address: | 411 W Putnam Ave 220,<br>Greenwich, CT,<br>06830-6261,<br>United States | No Update |
| Residence Address: | None | No Update |

## ACKNOWLEGEMENT

# Secretary of the State of Connecticut
# Annual Report

I hereby certify and state under penalties of false statement that all the information set forth on this document is true.

I hereby electronically sign this document on behalf of:

| | |
|---|---|
| Name of Authorizer: | LIBERTAS FUNDING, LLC |
| Authorizer Title: | MEMBER |

| | |
|---|---|
| Filer Name: | Craig Paul |
| Filer Signature: | Craig Paul |
| Execution Date: | 04/01/2023 |

*This signature has been executed electronically*